# EXHIBIT "A"

Filing # 88247186 E-Filed 04/19/2019 12:31:06 PM

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

PEPINE L. THOMAS,                                CASE NO.: 2019 - 010226 CA 01

    Plaintiff,

vs.

AFP 103 MANAGEMENT CORP,                DATE 4/26/19      TIME 12:23PM
d/b/a AFP MANAGEMENT CORP
a Foreign Profit Corporation                INITIALS JM       ID# CPS 260

    Defendant.

_____/

SUMMONS IN A CIVIL CASE

TO: AFP 103 MANAGEMENT CORP d/b/a AFP MANAGEMENT CORP through its
Registered Agent:

CORPORATE SERVICE COMPANY
1201 HAYS ST
TALLAHASSEE, FL 32301

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

ANTHONY GEORGES-PIERRE, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET
SUITE 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will
be taken against you for the relief demanded in the complaint. You must also file your answer
with the Clerk of this Court within a reasonable period of time after service.

CLERK    219401                          DATE        4/24/2019

(BY) DEPUTY CLERK

66 > 8

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

PEPINE L. THOMAS                                CASE NO.: 2019 - 010226 CA 01

       Plaintiff,

vs.

AFP 103 MANAGEMENT CORP.
*d/b/a* AFP MANAGEMENT CORP.
a Foreign Profit Corporation

       Defendant.

_____/

## COMPLAINT

**COMES NOW**, Plaintiff PEPINE L. THOMAS (hereinafter "Plaintiff"), by and through

the undersigned counsel, hereby sues Defendant, AFP 103 MANAGEMENT CORP. *d/b/a* AGP

MANAGEMENT CORP a Foreign Profit Corporation (hereinafter "Defendant"), and in support

avers as follows:

### GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $15,000 excluding attorneys' fees

   or costs pursuant to the Family and Medical Leave Act of 1993, as amended, (FMLA or

   Act); to redress injuries resulting from Defendant's unlawful with Plaintiff's rights and

   retaliation under FMLA.

2. Plaintiff continues to be, a resident of Miami Dade County, Florida.

3. Plaintiff was an employee of Defendants, employed as a Banquet Manager in Miami Dade

   County, Florida.

4. Defendant was a "person" and/or an "employer" pursuant to the Family and Medical Leave Act of 1993, since it employs fifty (50) or more employees for the applicable statutory period.

5. At all times material hereto, Plaintiff was an "employee" within the meaning of the Family and Medical Leave Act of 1993.

6. Venue is proper in Miami Dade County because all of the actions complained of herein occurred within the jurisdiction of Miami Dade County.

7. All conditions precedent for the filing of this action before this Court has been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8. Plaintiff performed work for Defendants from approximately November 2012 to on or about March 21, 2018 as a Banquet Manager.

9. Approximately 7 years ago, Plaintiff was diagnosed with depression.

10. On or about, February 25, 2017, Plaintiff's husband passed away; triggering her depression.

11. Because of her relapse, Plaintiff requested FMLA on or about August 2017.

12. Plaintiff took FMLA from August 2017 until November 5, 2017, but was still undergoing treatment.

13. As soon as Plaintiff came back from FMLA, Francois started writing Plaintiff up for random reasons.

14. When Plaintiff returned to work, she requested to talk to her Manager, Francois Ternes about her disability and situation. He refused.

15. Francois would tell Plaintiff that it was against the law to talk about her disability although Plaintiff was willing to talk about it.

16. On or about December 2017, General Manager, Jon Wubbera, told Plaintiff, "I could have fired you while you were on FMLA."

17. Francois also demanded Plaintiff's assistant to not take direction from her and instead only take direction from him.

18. On or about, February 2018, Plaintiff formally complained to Human Resources, Betsaida Lopez in a letter. To no avail, nothing was resolved.

19. Subsequently, on or about March 21, 2018, Plaintiff was terminated for the reason of "poor performance."

20. Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected.

## COUNT I
### *Retaliation under the FMLA*

21. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-20 above as if set out in full herein.

22. Plaintiff is an individual entitled to protection under the FMLA.

23. Plaintiff is an employee within the meaning of the FMLA.

24. Plaintiff engaged in protected activity within the meaning of the FMLA.

25. Defendant retaliated against Plaintiff for exercising rights protected under the FMLA.

26. Defendant's actions constitute a violation of the FMLA.

27. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FMLA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, front pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to her position at the rate of pay and with the full benefits she would have, had she not been discriminated against by Defendant, or in lieu of reinstatement, award her front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated   4/3/19

Respectfully submitted,

**Anthony Georges-Pierre, Esq.**
Florida Bar No.: 533637
agp@rgpattorneys.com

**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005